Gheorghe LAPUSTE; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73398.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher A. Kerosky, Esq., Angela Bortel, Esq., Kerosky & Associates, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Erica B. Miles, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

### MEMORANDUM **

Gheorghe Lapuste and Maria Maneula Bogdanescu, husband and wife, and natives and citizens of Romania, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's order denying their applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny in part, grant in part, and dismiss in part the petition for review.

■ Substantial evidence supports the BIA's conclusion that evidence of changed country conditions in Romania rebutted any presumption of a well-founded fear of future persecution and Lapuste is therefore not eligible for asylum. *See Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998). It follows that Lapuste failed to establish eligibility for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Lapuste's CAT claim fails because he did not show that it is more likely than not that he would be tortured if returned to Romania. *Id.*

■ We conclude that Lapuste sufficiently challenged the IJ's denial of his request for humanitarian asylum in his brief to the BIA, *see Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam), and the BIA abused its discretion in not addressing it, *see Sagaydak v. Gonzales,* 405 F.3d, 1035, 1040 (holding that the IJ erred by failing to consider petitioner's arguments). We therefore remand to the BIA for further proceedings as to this claim. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We lack jurisdiction to review the denial of cancellation of removal for failure to establish the requisite hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

The BIA did not violate Lapuste's due process rights in applying the "exceptional and extremely unusual hardship" standard. *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003) (holding that the BIA has broad authority to define exceptional and extremely unusual hardship narrowly).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION GRANTED in part, DE-
NIED in part, and DISMISSED in part;
REMANDED.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.